## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SARAH W.,
      Plaintiff,

      v.

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,
      Defendant.

No. 3:21-cv-1726 (SRU)

## ORDER ON MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)

Ivan Katz, counsel for the plaintiff Sarah W.,[1] seeks an award of attorneys' fees pursuant to section 406(b) of the Social Security Act, 42 U.S.C. Section 406(b).  *See* Doc. No. 25. Specifically, Attorney Katz seeks net attorneys' fees of $15,820.50.[2]  *Id.* at 1, 6.  The Commissioner takes no position on the requested fee.  Doc. No. 26 at 4.  For the reasons set forth below, the plaintiff's motion for section 406(b) fees, doc. no. 25, is **granted**.

## I.    Standard of Review

Section 406(b)(1) of the Social Security Act provides, in part, that "[w]henever a court renders a judgment favorable to a [counseled] claimant" under the Social Security Act, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A).  Attorneys' fee awards under section 406(b) are paid directly out of the plaintiff's past benefits according to the terms of a

---

[1] Pursuant to the U.S. District of Connecticut Standing Order on Social Security Cases, the plaintiff will be referred to solely by first name and last initial.  *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

[2] Attorney Katz requests $23,590.50 in attorneys' fees, reduced by $7,700, for a net fee of $15,820.50.  Doc. No. 25 at 1.

contingency agreement.  *Id.  See Walls v. Comm'r of Social Security*, 2020 WL 3026462, at *1 (D. Conn. June 5, 2020).

Section 406(b) fee applications must be both timely and reasonable.  In determining whether a Section 406(b) application is timely, the Second Circuit has instructed courts to apply Rule 54's fourteen-day deadline, "but 'the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award.'"  *Bukilici v. Saul*, 2020 WL 2219184, at *2 (D. Conn. May 7, 2020) (quoting *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019)).

In assessing whether the requested fee is reasonable, the Second Circuit has instructed courts to consider two factors in addition to the statutory 25-percent cap:  "whether there has been fraud or overreaching in making the agreement" and "whether the requested amount is so large as to be a windfall to the attorney."  *Wells v. Sullivan* (*Wells II*), 907 F.2d 367, 372 (2d Cir. 1990).  It is the "attorney for the successful claimant" who "must show that the fee sought is reasonable for the services rendered."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).

If a counsel receives fees pursuant to both the EAJA, 28 U.S.C. § 2412, and Section 406(b), counsel must "refund[] to the claimant the amount of the smaller fee."  Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985); *Gisbrecht*, 535 U.S. at 789, 796.

## II.    Discussion

### A.    Timeliness

The plaintiff's Notice of Award is dated October 10, 2023.  Doc. No. 25 ¶¶ 3-4; Doc. No. 26-1 at 4-5.  On October 19, 2023, plaintiff's counsel filed a motion requesting an extension of time to file a motion for the allowance of attorneys' fees because the Social Security Administration had not yet issued notices of awards for Sara W.'s minor children, her "auxiliaries."  *See generally* Doc. No 22.  The motion requested an extension of time until "the

earlier of January 22, 2024 or 14 days from the receipt of all notices of award setting forth the amounts payable to the plaintiff's auxiliaries." *Id.* at 2. On October 23, 2023, I granted plaintiff's motion for extension of time to file the motion for attorneys' fees. Doc. No. 23.

Plaintiff's counsel received notices of awards for plaintiff's auxiliaries on December 20, 2023. *See generally* Doc. No. 25-3; Doc. No. 25-4; Doc. No. 25-5. Plaintiff's counsel filed the instant motion for attorneys' fees on December 26, 2023, six days after receiving the notices of awards. Doc. No. 25. Therefore, Attorney Katz's motion for attorneys' fees is timely.

B. <u>Reasonableness</u>

The plaintiff's counsel seeks a gross award in the amount of $23,590.50. Doc. No. 25 at 1. In determining whether the fee amount sought is reasonable, I will begin my analysis by determining whether the statutory cap has been exceeded and whether there has been any fraud or overreach. The amount requested by the plaintiff's counsel does not exceed 25% of the plaintiff's past-due benefits, and thus does not exceed the statutory cap. *See* Docs. No. 25-3 (noting $708.50 in withheld benefits), 25-4 (noting $3,573.50 in withheld benefits), 25-5 (noting $3,573.50 in withheld benefits), 26-1 (noting $15,735.00 in withheld benefits). Second, neither party has reported any fraud or overreach, and I have not otherwise found any indication thereof.

The third reasonableness factor that remains to be considered is "whether the requested amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372. "In determining whether there is a windfall . . . , courts must consider more than the de facto hourly rate." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). The Second Circuit has outlined four additional factors that should inform a court's determination of a windfall. First, "the ability and expertise of the lawyers and whether they were particularly efficient." *Id.* Second, "the nature and length of the professional relationship with the claimant," which "can inform a district

court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'"  *Id*. at 855 (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)).  Third, the court should consider "the satisfaction of the disabled claimant"; and fourth, "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  *Id*. at 855.

A review of the fee itemization submitted by the plaintiff's counsel shows that he worked for 38.80 hours on this case.  Doc. 25 at 5.  *See Poulin v. Astrue*, 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (providing that "routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute" and collecting cases).  Each claimed fee also appears reasonable.  Counsel seeks fees for, *inter alia*, reviewing the administrative record and preparing a well-reasoned motion to reverse and memorandum of law.  Doc. No. 25 at 5.  Accordingly, I conclude that the requested amount of $23,590.50 in gross attorneys' fees is reasonable and not "so large as to be a windfall to the attorney."  *Wells II*, 907 F.2d at 372.

C.  EAJA Award

Plaintiff's counsel, Attorney Katz, states that, on or about July 5, 2022, he was in communication with counsel of record for the Commissioner about a proposed fee under the Equal Access to Justice Act ("EAJA fee").  Doc. No. 25 ¶ 15.  However, Attorney Katz never filed an EAJA motion.  *Id.*  Accordingly, plaintiff's counsel never received an EAJA fee award that must be returned to his client.  *See Wells v. Bowen* (*Wells I*), 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [counsel] to return the lesser of either that amount or the EAJA award to his clients.").

4

Attorney Katz requests his gross fee award, $23,590.50, be reduced by $7,770.00, which is his good faith estimate of what a negotiated EAJA fee would have been.  Doc. No. 25 ¶ 16 (calculating Attorney Katz's EAJA rate by reducing his total hours from 38.80 to 37 and assuming an hourly EAJA rate of $210.00 per hour).  I approve of Attorney Katz's good faith estimation of what an EAJA fee would be had he filed an EAJA motion.

Accordingly, I **grant** the plaintiff's motion, doc. no. 25, and I award the plaintiff's counsel **$15,820.50** in net attorneys' fees under section 406(b).

## III.    Conclusion

For the foregoing reasons, the plaintiff's motion for 406(b) fees, doc. no. 25, is **granted**. The plaintiff's counsel is awarded **$15,820.50** in attorneys' fees.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of June 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge